In the Matter of: Shanel
Ann STASZ, Debtor.

Shanel Ann Stasz, Appellant,

v.

Michael Eisenberg, Trustee and Executor for the Trust and Estate of Hugo Quackenbush (deceased), Appellee.

No. 07–55455.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 6, 2009.

Shanel Ann Stasz, Los Angeles, CA, pro se.

Peter C. Califano, Esq., Cooper, White & Cooper, San Francisco, CA, for Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Shanel Ann Stasz, a Chapter 7 debtor, appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's summary judgment that her debt to Hugo Quackenbush was nondischargeable in bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP, and thus review the bankruptcy court's decision under the same standards used by the BAP. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir.2009). We review de novo the order granting summary judgment. *Id.* We affirm.

The BAP properly concluded that the bankruptcy court did not err when it granted summary judgment because Stasz failed to raise a triable issue as to whether the underlying arbitration was adjudicatory in nature. *See Jacobs v. CBS Broad., Inc.*, 291 F.3d 1173, 1178 (9th Cir. 2002) (outlining factors used to determine when an arbitration was sufficiently adjudicatory in nature as to have collateral estoppel effect); *see also Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 824 (9th Cir. BAP 2006) ("[T]he confirmation of a private arbitration award by a state court has the status of a judgment."). The issue of whether Stasz's conduct was willful and malicious was actually litigated and necessarily decided on the merits in the confirmed final arbitration award as part of the determination that Stasz intentional-

ly violated the terms of the agreement. *See Papadakis v. Zelis (In re Zelis)*, 66 F.3d 205, 208 (9th Cir.1995) (concluding that debtor's voluntary decision not to appear at various hearings or file any opposition did not preclude a finding that an issue was litigated).

Stasz's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

